KIRAN S. LOPEZ (SBN 252467)
TESLA, INC.
31353 Huntwood Avenue
Hayward, CA 94544
Telephone: (510) 391-0702
kirlopez@tesla.com

Attorney for Defendant
TESLA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE BOATMAN JR., an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA INC.; A Corporation Doing Business in California; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No. 1:24-at-1064<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**<br><br>San Joaquin County Superior Court<br>Case No. STK-CV-UVVT-2024-16404<br><br>*Complaint Filed: November 22, 2024* |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

　　**PLEASE TAKE NOTICE THAT** Defendant Tesla, Inc. ("Tesla") hereby removes the above-referenced action from the Superior Court of the State of California for the County of San Joaquin to the United States District Court for the Eastern District of California. This removal is made pursuant to 28 U.S.C. §§1441 and 1446, asserting diversity jurisdiction under 18 U.S.C. §1332, codified in relevant part at 28 U.S.C. §1332. Tesla states that removal is proper for the following reasons.

**I.　　PROCEDURAL BACKGROUND IN STATE COURT**

　　On November 22, 2024, Plaintiff Arthur Lee Boatman, Jr. ("Plaintiff") filed a Complaint entitled, "*ARTHUR LEE BOATMAN JR., an individual, Plaintiff v. TESLA INC.; a Corporation Doing Business in*

*California; and DOES 1-100, inclusive, Defendants,*" San Joaquin County Superior Court Case No. STK-CV-UVVT-2024-16404 (the "Complaint"). The Complaint alleges five causes of action for: (1) Disability Discrimination and Wrongful Termination in Violation of FEHA; (2) Failure to Accommodate Disability in Violation of FEHA; (3) Failure to Engage in an Interactive Process in Violation of FEHA; (4) Wrongful Termination in Violation of Public Policy; and (5) Failure to Timely Produce Personnel and Payroll Records. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

On November 25, 2024 Tesla was served with copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Notice of Hearing, and Complaint through its agent for service of process, CT Corporation, in Glendale, California. *See* concurrently filed Declaration of Kiran S. Lopez ("Lopez Decl.") at ¶2 and Exhibit A (service package). On December 23, 2024, Tesla filed an Answer to the Complaint. *Id.,* ¶3, Exhibit B (Tesla's Answer).

Exhibit 1 attached hereto and Exhibits A and B to the concurrently filed Lopez Declaration constitute all of the pleadings served on Tesla and/or filed by Tesla in the San Joaquin County Superior Court prior to filing of this Notice of Removal. Lopez Decl. at ¶4. A Case Management Conference has been scheduled in the San Joaquin County Superior Court for May 21, 2025. *Id*.

## II.    TIMELINESS OF REMOVAL

This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within 30 days of service of the Complaint on Tesla, the moving Defendant. 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 119 S. Ct. 1322, 1325 (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE

Subject matter jurisdiction on the basis of diversity of citizenship requires that: (1) there is complete diversity of citizenship between plaintiff and defendants; and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. §1332. A Notice of Removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332 …" *Ellenburg v. Spartan Motos Chassis, Inc.* (4th Cir. 2008) 519 F.3d 192, 200 (internal quotes and brackets omitted).

A.  **There Is Complete Diversity Of Citizenship In This Case**

The complete diversity requirement merely means that all plaintiffs must be of different citizenship than all defendants, and any instance of common citizenship "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.* (2005) 545 U.S. 546, 553. A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.* (9th Cir. 2008) 549 F.3d 1223, 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action [was] brought."). In the present case, the parties had complete diversity of citizenship at the time the lawsuit was filed because Plaintiff's citizenship is diverse from Tesla's.

1.  *Plaintiff Is A Citizen Of California*

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090 ("To show state citizenship for diversity purposes under federal common law a party must . . . be domiciled in the state."). A person's domicile is the place he resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520 ("the place of residence is *prima facie* the domicile").

Plaintiff alleges that he "is an individual who resides in the State of California" and the "[e]vents that are the subject of this action occurred in or near Lathrop, California." Complaint at ¶¶1, 4. Therefore, Tesla is informed and believes that at all relevant times for the purposes of this removal, Plaintiff is and has been a citizen of the State of California.

2.  *Tesla Is Not A Citizen Of California*

For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1); *see also Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2009) 557 F.3d 1026, 1028 (citing 28 U.S.C. § 1332(c)(1)).

The Supreme Court of the United States in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination,** *i.e.*, **the "nerve center"** ....

(2010) 559 U.S. 77, 92-93 (emphasis added).

Tesla is now, and was at the time of the filing of this action, a corporation organized and formed under the laws of the State of Texas, with its principal place of business and headquarters in Austin, Texas.[1] Therefore, at all times since Plaintiff commenced this lawsuit, Tesla is and has been a citizen of a state other than California within the meaning of 28 U.S.C. §1332(c)(1). At all relevant times, Tesla is and has been a citizen of the State of Texas.

### 3. *Doe Defendants Should Be Disregarded*

Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §133; *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants in this case does not deprive this Court of jurisdiction. Accordingly, pursuant to 28 U.S.C. §1332(c), Plaintiff and the real Defendant, Tesla, have diverse citizenship.

### B. The Amount In Controversy Requirement Has Been Met

### 1. *Standard To Demonstrate Amount In Controversy*

While Tesla denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins*. (9th Cir. 1996) 102 F.3d 398, 403-404) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds

---

[1] Tesla's Form 10-Q for the quarterly period ended September 30, 2024, which is a public document and publicly accessible through the United States Securities and Exchange Commission's website, lists Texas as Tesla's State of Incorporation and 1 Tesla Road, Austin, Texas as Tesla's principal executive offices https://www.sec.gov/ix?doc=/Archives/edgar/data/1318605/000162828024043486/tsla-20240930.htm.

[the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*. (9th Cir. 2004) 372 F.3d 1115, 1117 (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, compensatory damages, punitive damages and attorneys' fees where recoverable by law. *See Guglielmino v. McKee Foods Corp*. (9th Cir. 2007) 506 F.3d 696, 700 ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'"); *see also Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*. (9th Cir. 1963) 325 F.2d 785, 787 (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Ind. Co*. (N.D. Cal. 1998) 994 F. Supp. 1196, 1198 ("amount in controversy" includes claims for general and special damages). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 only by a preponderance of the evidence, not to a legal certainty.

In the Complaint, Plaintiff requests (1) compensatory economic damages, including lost wages (past and future) and other employment benefits; (2) compensatory noneconomic (general) damages; (3) special damages; (4) costs of suit and attorneys' fees; and (5) punitive damages. Complaint at Prayer for Relief, 10:26-11:16. In light of the expansive categories of damages sought by Plaintiff, the amount in controversy in this action is more likely than not to exceed the $75,000 jurisdictional minimum.

### 2.     *Damages Sought Exceed $75,000*

Although Tesla denies that it should be liable for any damages whatsoever in this case, assuming *arguendo* for the purposes of removal that Plaintiff prevails, Plaintiff is seeking an award of general and punitive damages. *Id*. Plaintiff alleges he "has sustained and continues to sustain substantial loss of earnings and other employment benefits [and] humiliation, emotional distress, and physical and mental pain and anguish..." *Id*. at ¶¶32-33. Plaintiff also seeks to recover punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport,* 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the defendant in such a way that it will have a tangible financial consequence. Without

conceding that punitive damages are appropriate or applicable here, for a defendant of Tesla's size, it is probable that a punitive damages award, if assessed, would exceed $75,000.00.

### 3. *Verdicts In Cases With Similar Claims Exceed $75,000*

To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1033; *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980. California jury verdicts in cases involving claims similar to Plaintiff's often exceed $75,000. *See, e.g.*, *Ko v. The Square Group LLC dba The Square Supermarket* (June 16, 2014) Los Angeles Sup. Ct., Case No. BC487739 ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Kamali v. Cal. Dep't of Transp.* (Dec. 20, 2012) Los Angeles Sup. Ct., Case No. BC426247 (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Hernandez v. Regents of the Univ. of Cal.* (June 29, 2010) Alameda County Sup. Ct., Case No. RG06272564 (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims).

Because Plaintiff's allegations that he was discriminated against and wrongfully terminated based upon his alleged disability are similar to the claims and issues raised in the cases cited above, these awards demonstrate that, for diversity purposes, it is probable that any verdict in this matter in Plaintiff's favor would award damages exceeding $75,000.

### 4. *Attorneys' Fees Exceed $75,000*

Plaintiff also seeks attorneys' fees. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00. *See Denenberg v. Cal. Dep't of Transp.* (San Diego County Sup. Ct. Sept. 14, 2006) 2007 WL 2827715 (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles* (Los Angeles County Sup. Ct. March 21, 2005) 2005 WL 3729094, Case No. BC298898 (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College* (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy in this matter exceeds $75,000.00.

Consequently, because there is complete diversity of citizenship and the amount in controversy clearly exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1332(a) and 1441(b).

## IV. VENUE

Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§84(c)(2), 1441, and 1446. This action originally was brought in the Superior Court of the State of California, San Joaquin County, which is located within the Eastern District of California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## V. SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and his counsel, and together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, San Joaquin County.

## VI. PRAYER FOR REMOVAL

WHEREFORE, Tesla prays that this civil action be removed from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

DATED: December 23, 2024

Respectfully submitted,

TESLA, INC.

By: */s/ Kiran S. Lopez*
Kiran S. Lopez
Attorney for Defendant
TESLA, INC.

## PROOF OF SERVICE

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within cause; my business address is 31353 Huntwood Avenue, Hayward, CA 94544. On the date set forth below, I served the attached:

**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL**

on the following interested party(s) in said cause:

Narak Mirzaie
M Law Attorneys, APC
680 E. Colorado Blvd, Suite 180
Pasadena, CA 91101
litigation@mlawattorneys.com
nm@mlawattorneys.com

**[ ] VIA MAIL -- CCP §1013(a), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Fremont, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

**[ ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

**[ X ] VIA E-MAIL OR ELECTRONIC TRANSMISSION -- CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**
I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I am readily familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s) and any such documents would be transmitted in the ordinary course of business.

**[ ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand-served on that day, in the ordinary course of my firm's business practice.

I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct and that this declaration was executed on December 23, 2024, at Hayward, California.

_____
Engel Negrete