Narak Mirzaie, Esq. (SBN #311508)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
Arthur Lee Boatman Jr.

FILED

2024 NOV 22   AM 10: 23

STEPHANIE BOHRER, CLERK

HALEY STUDER
DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

| | |
|---|---|
| **Arthur Lee Boatman Jr.**, an individual; | CASE NO.<br>STK-CV-UWT-2024-16404 |
| Plaintiff, | |
| vs. | Demand for Jury Trial |
| **Tesla Inc.**; A Corporation Doing Business in California; and DOES 1 through 100, inclusive; | 1. **Disability Discrimination and Wrongful Termination in Violation of FEHA;** |
| Defendants. | 2. **Failure to Accommodate Disability in Violation of FEHA;** |
| | 3. **Failure to Engage in an Interactive Process in Violation of FEHA;** |
| | 4. **Wrongful Termination in Violation of Public Policy; and** |
| | 5. **Failure to Timely Produce Personnel and Payroll Records.** |

Complaint – ARTHUR LEE BOATMAN JR.                                     1 of 12

FILE BY FAX

**PARTIES**

1.     Arthur Lee Boatman Jr. (hereinafter "Plaintiff") is an individual who resides in the State of California.

2.     Tesla Inc. (hereinafter "Defendant") is a Corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

**JURISDICTION AND VENUE**

3.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

4.     Events that are the subject of this action occurred in or near Lathrop, California.

**DOE DEFENDANT**

5.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

6.     Defendant Does 1 through 100, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

7.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the remaining defendants.

8.     Plaintiff is informed, believes, and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully,

1 | tortuously, or in some other actionable manner, responsible for the events and happenings herein

2 | referred to and that their negligent and/or otherwise tortious and wrongful acts and/or omissions

3 | proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff

4 | as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors,

5 | partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of

6 | each other Defendant.

9.      Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every

Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer,

partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all

times mentioned herein, every Defendant designated herein, including all DOE Defendants, was

acting within the time, authority, course, and scope of said agency, employment, joint venture,

partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and

with the full knowledge, approval, ratification, permission, and consent of the other co-

Defendants, and each of them, including the officers, directors, and managing agents of

Defendants.

## EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)

10.      On or about November 21, 2024, Plaintiff filed his right-to-sue letter with the Department

of Fair Housing & Employment.

11.      Plaintiff has exhausted all administrative remedies.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.      Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

13.      Defendant employed Plaintiff as a material handler from October 3, 2023, until July 25,

2024.

14.     On or about July 8, 2024, Plaintiff took his daughter to the Emergency Room (ER). Plaintiff immediately informed his supervisor, Gio (Last name unknown), via text and requested time off. Gio requested documentation, and Plaintiff provided the necessary documentation. Plaintiff took time off from July 8, 2024, until July 10, 2024, to care for his five-year-old daughter.

15.     On or about July 16, 2024, while at work, Plaintiff began experiencing severe nausea and vomiting. Unable to function, Plaintiff left work early. Plaintiff received a write-up for leaving work early, despite the fact that he was vomiting.

16.     From approximately July 23, 2024, to July 25, 2024, Plaintiff was hospitalized due to experiencing severe nausea, seizures, and high blood pressure. During Plaintiff's hospitalization, Plaintiff's wife notified Plaintiff's supervisor via text that Plaintiff was hospitalized.

17.     On or about July 25, 2024, Plaintiff emailed all the necessary documents and medical notes to Emily Wright, the Human Resources Representative (HR), indicating his hospitalization.

18.     Despite being fully aware of Plaintiff's medical condition, Defendant terminated Plaintiff on or about July 25, 2024. Defendant failed to accommodate Plaintiff's disability and failed to engage in an interactive process prior to terminating Plaintiff's position. Plaintiff believes, and on that basis, alleges that his disability was a motivating factor in Defendant's decision to terminate his position.

## I. FIRST CAUSE OF ACTION

### (Disability Discrimination and Wrongful Termination in Violation of FEHA Against All Defendants and Does 1 Through 100)

19.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

20.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on Defendant(s). These statutes require defendants to

refrain from discriminating against any employee based on his disability (including actual,

perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the

Department of Fair Employment and Housing (DFEH), fully complying with administrative

requirements, and received a right-to-sue letter.

21.     On or about July 16, 2024, Plaintiff experienced severe nausea and vomiting, causing him

to leave work early.

22.     Plaintiff's condition continued to worsen over the next few days, causing his

hospitalization.

23.     On or about July 23, 2024, until July 25, 2024, Plaintiff was hospitalized due to high

blood pressure, seizure, nausea, and vomiting. During this time, Plaintiff's wife notified

Plaintiff's supervisor about his hospitalization and health condition via text message.

24.     On or about July 25, 2024, Plaintiff emailed all the medical documents to Emily Wright,

the Human Resources Representative. Despite being fully aware of Plaintiff's medical condition

and hospitalization, Defendant terminated Plaintiff's employment that same day.

25.     As a proximate result of Defendant's willful, knowing, and intentional discrimination,

Plaintiff has sustained and continues to sustain substantial losses of earnings and other

employment benefits.

26.     Plaintiff is informed and believes, and based thereon alleges, that the above acts

committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the

direction of, each other Defendant and the other Managers.

27.     The foregoing conduct of Defendants individually, or by and through their managing

agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct

carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or

subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as

1  to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

2  punitive damages in an amount appropriate to punish or make an example of Defendants.

3
4  28.      Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is
   unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend
5  this Complaint when the amounts are fully known.
6

7                              **II. SECOND CAUSE OF ACTION**

8  **(Failure to Accommodate Disability In Violation of FEHA Against All Defendants and**

9                                **Does 1 Through 100)**

10
11 29.      Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

12 30.      At all times herein mentioned, FEHA, Government Code section §12940, *et seq.,* was in

13 full force and effect and was binding on Defendant(s). This statute requires a defendant to

14 provide reasonable accommodations to known disabled employees. Within the time provided by

15 law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative

16 requirements, and received a right-to-sue letter.

17
18 31.      Plaintiff provided Defendant with the required medical documents and notes outlining his
   condition and hospitalization. Despite being fully aware, Defendant terminated Plaintiff's
19 employment.
20

21 32.      As a proximate result of Defendant's willful, knowing, and intentional failure to

22 accommodate Plaintiff's disability, Plaintiff has sustained and continues to sustain substantial

23 losses of earnings and other employment benefits.

24 33.      As a proximate result of Defendant's willful, knowing, and intentional failure to

25 accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation,

26 emotional distress, and physical and mental pain and anguish, all to his damage in a sum

27 according to proof.

28

---

Complaint – ARTHUR LEE BOATMAN JR.                                        6 of 12

34.     Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

35.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

36.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

### III. THIRD CAUSE OF ACTION

**(Failure to Engage in an Interactive Process in Violation of FEHA Against All Defendants and Does 1 Through 100)**

37.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

38.     At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on the Defendants. Gov.C. §12940(n) requires defendants to engage in a timely, good-faith interactive process to accommodate known disabled employees. FEAH Regulations provide that the employer *must* initiate the interactive process with an employee who has a known disability, a request for reasonable accommodation, or when the employer becomes aware of the need for accommodation (either through a third party, by observation, or the employer becomes aware of the possible need for accommodation due to the disabled employee exhausting leave).

39.     Defendants violated Gov. C. §12940(n) when they failed to engage with Plaintiff in a good-faith interactive process. Defendants had a duty to engage in interactive processes since Plaintiff's disability was known to Defendant.

40.     Defendant terminated Plaintiff's position without first engaging in a good-faith interactive process.

41.     Despite having knowledge of Plaintiff's condition and hospitalization, Defendant terminated Plaintiff's employment.

42.     Plaintiff believes and, on that basis, alleges that his disability was a motivating factor in Defendant's termination of his employment.

43.     As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

44.     As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

45.     Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles Plaintiff to punitive damages against Defendant.

46.     Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

47.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or

subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

48.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## IV. FOURTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants and Does 1 Through 100)**

49.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

50.     At all times herein mentioned, the California Constitution, Article I, section 8, was in full force and effect and was binding on Defendant.

51.     Defendant intentionally discriminated against Plaintiff by terminating Plaintiff's employment.

52.     For all reasons set forth above, Plaintiff believes and alleges that his disability was a motivating factor in Defendant's termination of his employment.

53.     As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

54.     As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

55.     Defendant's misconduct was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

56.     Plaintiff is informed and believes, and based thereon alleges, that the above acts committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

57.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

## V. FIFTH CAUSE OF ACTION

### (Failure to Timely Produce Personnel and Payroll Records Against All Defendants and Does 1 Through 100)

58.     Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

59.     Pursuant to Labor Code Sections 226(b) and 1198.5, an employer is required to produce a former employee's personnel file and payroll records. Under Labor Code Section 226(c), an employer who receives a written or oral request to inspect or copy records from a former employee must comply with the request as soon as possible but no later than twenty-one (21) calendar days from the date of the request. Moreover, under Labor Code Section 226(f), a failure by an employer to permit a former employee to inspect or copy records within twenty-one (21) days entitles the former employee to recover a $750.00 penalty from the employer. Furthermore, under Labor Code 1198.5(k), Plaintiff will be entitled to an additional $750.00 penalty for failure to provide Personnel records.

60.     On August 19, 2024, Plaintiff, through his attorney, requested his personnel and payroll records. To date, Defendant has failed to produce such documents. As a result of Defendant's failure to provide personnel and payroll records, Plaintiff will be entitled to penalties and attorney's fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1.    For Plaintiff's economic damages;

2.    For Plaintiff's non-economic damages;

3.    For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future, as to all Defendants;

4.    For interest, thereon at the legal rate;

5.    Penalties under applicable labor code sections;

6.    For general damages, according to proof on each cause of action for which such damages are available;

7.    For special damages, according to proof on each cause of action for which such damages are available;

8.    For prejudgment and post-judgment interest according to law;

9.    For costs of suit incurred in this action, with interest;

10.    For costs and reasonable attorney's fees as provided by law; and

11.    For such other and further relief, the Court shall deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

1

2         RESPECTFULLY SUBMITTED,

3         M Law Attorneys, APC

4

5 Dated: November 21, 2024

6

7         By: _N Mirzaie_
          NARAK MIRZAIE, Esq.

8         Attorneys for Plaintiff,
         Arthur Lee Boatman Jr.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28