1  KIRAN S. LOPEZ (SBN 252467)
2  TESLA, INC.
   31353 Huntwood Avenue
3  Hayward, CA 94544
   Telephone: (510) 391-0702
4  kirlopez@tesla.com

5  Attorney for Defendant
   TESLA, INC.

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF SAN JOAQUIN**

10

11 | ARTHUR LEE BOATMAN Jr., an individual        Case No. STK-CV-UWT-2024-16404

12 |              Plaintiff,                       *(Assigned for all purposes to Hon. Esmeralda*
                                                  *Zendejas, Dept. 9a)*
13 |        v.

14 | TESLA INC.; A Corporation Doing Business in   **ANSWER OF DEFENDANT TESLA, INC. TO**
15 | California; and DOES 1-100, inclusive,        **PLAINTIFF ARTHUR LEE BOATMAN, JR.'S**
                                                  **UNVERIFIED COMPLAINT**
16 |              Defendants.
                                                  *Complaint Filed: November 22, 2024*
17 |                                              *Trial Date: None.*

18

19      Defendant Tesla, Inc. ("Tesla"), hereby answers Plaintiff's unverified Complaint (the

20 "Complaint") of Plaintiff Arthur Lee Boatman, Jr. ("Plaintiff") as follows:

21                            **GENERAL DENIAL**

22      Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Tesla denies,

23 generally and specifically, each and every allegation, statement, matter, and each purported cause of action

24 contained in the Complaint, and further denies that Plaintiff has been damaged in any amount or at all, by

25 reason of any acts or omissions of Tesla, or by any act or omission by any agent or employee of Tesla.

26 Tesla further generally and specifically denies that Plaintiff is entitled to any relief whatsoever.

27

28

                                            1



## SEPARATE AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Tesla alleges the following separate and distinct additional defenses to each and every cause of action therein. In asserting these defenses, Tesla does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

1.      By virtue of the fact that Plaintiff entered into an arbitration agreement with Tesla that encompasses all claims alleged in the Complaint, his claims are barred by his contractual agreement to arbitrate. Plaintiff's failure to submit his claims to arbitration bars the present action. Tesla expressly reserves and does not waive its right to compel arbitration.

### SECOND AFFIRMATIVE DEFENSE

### (At-Will Employment)

2.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff was an at-will employee of Tesla, and the terms and conditions of his employment could be modified or changed at any time, with or without notice and with or without cause, as provided for under California Labor Code Section 2922.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action Upon Which Relief Can Be Granted)

3.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state proper legal grounds for a cause of action against Tesla upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient to Constitute a Claim)

4.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a claim for relief against Tesla.

### FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.      Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the applicable statute of limitations for each cause of action contained therein, to the extent that the

1    allegations occurred outside of the statutory period, including, but not limited to, California Code of Civil
2    Procedure Sections 337, 338, and 340, and California Government Code Sections 12960(e) and
3    12965(c)(1) et seq.

### SIXTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

6.    Plaintiff's Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent he failed to exhaust required administrative procedures or remedies or otherwise failed to complete, in a timely manner, those steps that are a necessary prerequisite under the law to the filing of the Complaint, including but not limited to the deadlines under California Government Code Section 12940, *et seq.*

### SEVENTH AFFIRMATIVE DEFENSE

#### (Res Judicata / Collateral Estoppel)

7.    Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff has asserted in any prior legal or administrative proceeding that he was entitled to payment for wages, overtime, meal periods, rest breaks, damages, penalties under California Labor Code sections 203 and/or 226, and did not prevail on such claim.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to Take Advantage of Preventative/Corrective Opportunities / Avoidable Consequences)

8.    Plaintiff's Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Tesla or to avoid harm otherwise, and/or Plaintiff's reasonable use of such procedures would have prevented all, or part, of the harm allegedly suffered by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

#### (Contribution By Plaintiff's Own Acts)

9.    If the injuries and/or alleged damages in the Complaint occurred at all (which Tesla denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

ANSWER OF DEFENDANT TESLA, INC. TO PLAINTIFF ARTHUR LEE BOATMAN, JR.'S COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      10.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

4  whole or in part, by the doctrine of unclean hands.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Estoppel)

7      11.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

8  whole or in part, by the doctrine of estoppel.

9

## TWELFTH AFFIRMATIVE DEFENSE

10

### (Consent and Waiver)

11     12.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

12  whole or in part, to the extent that the alleged conduct by Tesla complained of in the Complaint was

13  approved, consented to, or authorized by Plaintiff through his actions, omissions, or course of conduct.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Laches)

16     13.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

17  whole or in part, by the equitable doctrine of laches.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### (Ratification)

20     14.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in

21  whole or in part, because Plaintiff ratified the alleged actions or failures to act by Tesla.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

### (Unreasonable Accommodation)

24     15.     Assuming *arguendo* that Plaintiff was disabled and requested an accommodation, Tesla

25  fully engaged in the interactive process and fully accommodated Plaintiff's requests to the extent that such

26  requests were reasonable.

27

28

ANSWER OF DEFENDANT TESLA, INC. TO PLAINTIFF ARTHUR LEE BOATMAN, JR.'S COMPLAINT

1

2

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Engage In The Interactive Process)

16.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred, in whole or in part, to the extent that Plaintiff failed and/or refused to engage in a timely, good faith, interactive process with Tesla to determine effective reasonable accommodations for Plaintiff's alleged disability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

17.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred because to the extent Plaintiff requested accommodations, they were unreasonable and would have imposed an undue hardship on Tesla.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Health And Safety Risk)

18.    Plaintiff's purported cause of action for failure to provide a reasonable accommodation is barred, in whole or in part, to the extent that Plaintiff's alleged disability prevents him from doing his job without endangering his own health and safety or that of others. Cal. Gov. Code §12940(a)(1).

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Not Qualified)

19.    Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred to the extent that Plaintiff is not qualified to perform the essential job duties of his position.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

20.    Plaintiff is barred from recovering any compensatory damages, and/or any recovery for compensatory damages must be reduced, to the extent that he failed to exercise reasonable diligence to mitigate his alleged damages.

1

2

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Comply With Employer's Directions)

3       21.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred to the

4   extent that Plaintiff failed to comply with the directions of Tesla concerning the service on which it was

5   engaged, and such obedience of Tesla's directions was neither impossible nor unlawful and would not

6   impose new and unrealistic burdens.

7

## TWENTY-SECOND AFFIRMATIVE DEFENSE

8

### (Outside Scope of Employment)

9       22.     Plaintiff's Complaint, and each and every cause of action purported to be alleged therein,

10  is barred because any unlawful or wrongful acts, to the extent they exist, taken by Tesla's agents or

11  employees were outside the course and scope of their authority and such acts, if any, were not authorized,

12  ratified, or condoned by Tesla, nor did Tesla know nor should have Tesla known of such acts. Thus, Tesla

13  is not liable for any such conduct, if it occurred.

14

## TWENTY-THIRD AFFIRMATIVE DEFENSE

15

### (Mixed Motive / Same Decision)

16      23.     To the extent that Plaintiff demonstrates that his alleged disability and/or alleged protected

17  activity was a motivating factor for any challenged employment action, Tesla would have taken the same

18  action in the absence of such an impermissible motivating factor. Any monetary recovery on Plaintiff's

19  Complaint, or any purported cause of action alleged therein, is barred because assuming *arguendo* that

20  discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which

21  Tesla expressly denies, Tesla would have made the same decisions toward Plaintiff in any case for

22  legitimate, non-discriminatory, non-retaliatory business reasons. *See Harris v. City of Santa Monica,*

23  (2013) 56 Cal. App. 4th 203.

24

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25

### (Managerial Discretion)

26      24.     Any and all conduct of which Plaintiff complains, or which is attributable to Tesla and/or

27  its agents or employees, was a just and proper exercise of managerial discretion undertaken for fair and

28  honest business reasons and cannot form the basis of a valid damages claim.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Legitimate and Nondiscriminatory and/or Non-Retaliatory Business Reasons)**

25.     Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred, in whole or in part, because there was no discriminatory or retaliatory intent and all employment actions taken by Tesla would have been taken on the basis of legitimate, non-discriminatory, and non-retaliatory business reasons.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Reasonable Steps)**

26.     Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred, in whole or in part, because Tesla took all reasonable steps to prevent any alleged discrimination and/or retaliation once Tesla was made aware of Plaintiff's complaints.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Knowledge)**

27.     Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred, in whole or in part, because Tesla lacked knowledge that Plaintiff was allegedly harassed, discriminated against, or retaliated against.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Good-Faith Belief in Actions Taken)**

28.     Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part because Tesla had an honest, reasonable, and good-faith belief in the facts on which it based its acts, omissions, and conduct taken with respect to Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Lack of Causation)**

29.     Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Tesla, and any injury and/or damages that Plaintiff alleges he suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Tesla.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Preemption)

30.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption)

31.     Plaintiff's Complaint, and each and every cause of action purported to be alleged therein, is barred, in whole or in part, by the doctrine of preemption, including but not limited to Plaintiff's claims for loss of employment benefits, which are preempted by the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages)

32.     Tesla is not liable to Plaintiff for punitive damages because neither Tesla nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code Section 3294(b).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages for Good Faith Conduct)

33.     Plaintiff is not entitled to recover any punitive damages for decisions or actions that are or were contrary to the policies that Tesla instituted in good faith against wrongful or unlawful conduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim For Relief For Punitive Damages)

34.     Plaintiff is not entitled to recover any punitive, double, or exemplary damages against Tesla, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and

8

1  cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to

2  California Civil Code Section 3294(a).

3  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE

4  **(Award of Punitive Damages is Unconstitutional)**

5      35.    To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he

6  violates the right of Tesla to protection from "excessive fines" as provided in the Eighth Amendment to

7  the United States Constitution and in Article I, Section 17 of the Constitution of the State of California,

8  and the rights of Tesla to procedural and substantive due process under the Fifth and Fourteenth

9  Amendments to the United States Constitution and under the Constitution of the State of California.

10  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE

11  **(After-Acquired Evidence)**

12      36.    Plaintiff's claims are barred, or he is precluded from recovering damages, to the extent that

13  Tesla learns through after-acquired evidence that he engaged in any fraud or other misconduct that, if

14  known, would have caused Plaintiff to be terminated.

15  ### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

16  **(Bad Faith and/or Frivolous Claims)**

17      37.    As a separate and distinct affirmative defense, Tesla is informed and believes that further

18  investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are unreasonable,

19  were filed in bad faith, and/or are frivolous and, for such reasons, justify an award of attorneys' fees and

20  costs against Plaintiff and/or his attorneys pursuant to California law including, but not limited to

21  California Code of Civil Procedure Sections 128.5 and/or 128.7.

22  ### RESERVATION OF RIGHTS

23      Tesla presently has insufficient knowledge or information on which to form a belief as to whether

24  it may have additional, unstated defenses available to it. Tesla may have additional defenses that cannot

25  be articulated due to Plaintiff's failure to particularize his claims, due to the fact that Tesla does not have

26  copies of certain documents bearing on Plaintiff's claims, and due to Plaintiff's failure to provide more

27  specific information concerning the nature of the damage claims. Tesla thus reserves the right to assert

28  additional defenses in the event discovery and further investigation indicate such would be appropriate.

## PRAYER

Wherefore, Tesla prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That judgment be entered in favor of Tesla and against Plaintiff on all causes of action;

3.      That Tesla be awarded reasonable attorneys' fees according to proof;

4.      That Tesla be awarded costs of suit incurred herein; and

5.      That Tesla be awarded such other and further relief as the Court may deem appropriate.

DATED: December 23, 2024         TESLA, INC.

By: _____
Kiran S. Lopez
Attorney for Defendant TESLA, INC.

1

## PROOF OF SERVICE

2        I declare that I am employed in the County of Alameda, State of California. I am over the age of

3    eighteen years and not a party to the within cause; my business address is 31353 Huntwood Avenue,

4    Hayward, California 94544. On the date set forth below, I served the attached:

5

**TESLA, INC.'S ANSWER TO PLAINTIFF ARTHUR LEE BOATMAN, JR.'S UNVERIFIEDCOMPLAINT**

6

7    on the following interested party(s) in said cause:

8    Narak Mirzaie
M Law Attorneys, APC

9    680 E. Colorado Blvd, Suite 180
Pasadena, CA 91101

10   litigation@mlawattorneys.com
nm@mlawattorneys.com

11   **[  ] VIA OVERNIGHT MAIL/COURIER -- CCP §1013(c), 2015.5:**

12   By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and

13   processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by

14   the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

15   **[ X ] VIA E-MAIL OR ELECTRONIC TRANSMISSION – CCP §§1010.6, 1013(e), 2015.5, CRC 2008:**

16   I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. I am readily

17   familiar with my firm's business practice of processing and transmitting documents via e-mail or electronic transmission(s) and any such documents would be transmitted in the ordinary course of business.

18

19   **[  ] VIA HAND DELIVERY -- CCP § 1011, 2015.5:**
By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be

20   hand-served on that day, in the ordinary course of my firm's business practice.

21        I declare under penalty of perjury under the laws of the State of California that the foregoing is true

22   and correct and that this declaration was executed on December 23, 2024, at Hayward, California.

23

24                   Engel Negrete

25

26

27

28

11

---

ANSWER OF DEFENDANT TESLA, INC. TO PLAINTIFF ARTHUR LEE BOATMAN, JR.'S COMPLAINT